STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. SEBASTIAN RUTA, PLAINTIFF IN ERROR.

Submitted January 27, 1933—Decided June 21, 1933.

Before Justices BODINE and DONGES.

For the plaintiff in error, *Chandless, Weller & Selser* (*Ralph W. Chandless*).

For the defendant in error, *George F. Losche.*

PER CURIAM.

The plaintiff in error was convicted of assault and battery, and sentenced to the county jail for a term of four months and was also directed to pay a fine of $200 and costs.

The case was tried before the court without a jury, a waiver having been entered pursuant to the statute (Criminal Procedure act of 1898). No stenographic record having been made, the case was settled by the court. We have decided to consider the case upon the merits. However, in so doing we are not to be understood as holding that the appeal is properly before us.

The testimony demonstrates that one McQuaid had sold an automobile to the defendant under a conditional sales agreement. Because of an alleged default, a constable had been sent to repossess the car. While the defendant was seated in the automobile in front of McQuaid's place of business, the constable took the ignition key. According to McQuaid's testimony while he was standing on the sidewalk the defendant, without provocation, struck him and cut his chin. The defendant, called as a witness, testified that he was willing to pay the moneys due on the conditional sales agreement, but that McQuaid would not give up certain notes secured by the agreement, unless he also paid for some repair work which had been improperly done to another car. He said that after the ignition key was taken by the constable he got out of the car and started to follow him. Changing his mind, he decided to return to the car and when about to get into the car, McQuaid grabbed him and a struggle ensued. Another witness corroborated the defendant. As between two conflicting accounts of an occurrence, the trial court could best determine the veracity of the witnesses. There is nothing in the record to indicate to us that the findings of the trial court were against the weight of evidence.

There is testimony that the assault occurred after the constable had possessed the car. However, we do not understand any of the testimony as indicating that the defendant was merely resisting an attempt to take property in his possession. The testimony in behalf of the defendant, at most, indicates

that a scuffle ensued after the constable had possessed the ignition key and that the defendant was not the aggressor. The findings of fact were for the trial judge, and we may not reverse merely because there was a conflict of testimony.

It is argued that the trial court improperly permitted the constable to testify as to conclusions of law. Such does not appear to be the fact. The constable did say he had repossessed the car under the conditional sales agreement, which the defendant admitted was the one under which he had purchased the car. He also went on to say just what he had done. We can see no substantial injury in the court's rulings with respect to the constable's testimony, or even technical error in the admission of a copy of the conditional sales agreement in evidence, since by the defendant's own admission the copy received was a copy of the agreement under which the purchase was made.

There is nothing in the record to suggest to us that the verdict was the result of mistake, passion or prejudice.

The judgment is affirmed.